## Illinois Central Railroad Company

*v.*

## Cobb, Christy & Co.

1.  Pleading and evidence—*in action against a carrier for delay in transportation of goods.* In a suit against a carrier to recover damages for non-delivery of goods in proper time, if the action be brought on bills of lading, none will be admissible in evidence on the trial except those set out in the declaration.

2.  But where the action was case, brought by the owner of the property, who was neither consignor nor consignee, and he described the property shipped, not by reference to bills of lading, but as a certain number of bushels of grain, it was held that the fact that a bill of lading was made out for each car in which the grain was shipped did not confine the plaintiff to proof of only one car under each count. He could prove the entire shipment as one transaction, though made partly on one day and partly on another.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

This was another of the series of cases between the same parties, and is of the same general character as that reported *ante*, p. 128.

Messrs. Hay, Greene & Littler, and Messrs. Williams & Burr, for the appellant.

Mr. Hamilton Spencer, and Messrs. Weldon & Benjamin, and Mr. T. D. Lincoln, for the appellees.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

The only point made in this case not considered in the opinion filed in the other cases between these same parties is, that the plaintiff should not have been permitted to introduce

evidence of more than two bills of lading under the two counts in the declaration. If the action had been brought on bills of lading, none would have been admissible on the trial except those set out in the declaration. But this is an action on the case brought by the owners of the property, who are neither consignors nor consignees, and they describe the corn shipped, not by reference to bills of lading, but as 17,000 bushels of corn, shipped at Bloomington, on the 6th of April, by E. Fay & Co., as agents of the plaintiffs.

The fact that a bill of lading was made out for each car did not confine the plaintiffs to proof of only two cars. They could prove the entire shipment by Fay & Co. as one transaction, though made partly on one day and partly on another.

There was no error in the admission of this evidence, but for the reasons given in the other cases, some of which apply in this, the judgment must be reversed and the cause remanded.

*Judgment reversed.*